**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| L'Tanya S. Miles, | |
| Plaintiff, | Case No.: |
| v. | **COMPLAINT WITH JURY TRIAL DEMAND** |
| J.C. Christensen & Associates, Inc., Client Services, Inc., Financial Recovery Services, Inc., First National Collection Bureau, Inc., and Capital Management Services, L.P., | |
| Defendant. | |

**PRELIMINARY STATEMENT**

This action seeks redress for the unlawful and deceptive practices committed by Defendants in connection with their efforts to collect debts. Defendants' conduct involves the making of false and misleading statements to the Plaintiff and/or others, mischaracterizing the debt, and threatening to take action that cannot be legally taken. Plaintiff seeks monetary relief based on Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*

**Parties**

1. Plaintiff L'Tanya S. Miles is natural person who resides in Newton County, Georgia.

2. Plaintiff is an individual and is therefore a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

3. Plaintiff is allegedly obligated to pay a debt and is therefore a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

4. Defendant, J.C. Christensen & Associates, Inc. (hereinafter "JCC") does business in Georgia.

5. Defendant JCC uses interstate commerce or mail in business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is therefore a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

6. Defendant, Client Services, Inc. (hereinafter "Client Services") does business in Georgia.

7. Defendant Client Services uses interstate commerce or mail in business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due or

asserted to be owed or due another and is therefore a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

8. Defendant, Financial Recovery Services, Inc. (hereinafter "FRS") does business in Georgia.

9. Defendant FRS uses interstate commerce or mail in business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is therefore a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

10. Defendant, First National Collection Bureau, Inc. (hereinafter "FNCB") does business in Georgia.

11. Defendant FNCB uses interstate commerce or mail in business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is therefore a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

12. Defendant, Capital Management Services, L.P. (hereinafter "CMS") does business in Georgia.

13. Defendant CMS uses interstate commerce or mail in business the principal purpose of which is the collection of any debts and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is therefore a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## Jurisdiction and Venue

14. Because this case arises under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., jurisdiction of this Court arises under 28 U.S.C. § 1331, and supplemental jurisdiction for state law claims arises under 28 U.S.C. § 1367.

15. Venue is proper in this Court because a substantial part of the claim arose in Georgia, and all Defendants "reside" in Georgia, as that term is used in 28 U.S.C. § 1391.

## Factual Allegations

16. On or about January 31, 2015, Defendant JCC contacted Plaintiff via US Mail with a collection letter demanding payment of $561.85 for General Electric Capital Corporation account number XXXXXXXXXXXX5027

(hereinafter the "GE Debt"). A copy of this letter is attached hereto as "EXHIBIT A."

17. The alleged GE Debt which is the subject matter of Defendant JCC's collection letter demanding payment was primarily for personal, family or household purposes, and was therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

18. The alleged GE Debt which is the subject matter of Defendant JCC's collection letter demanding payment is barred by the applicable statute of limitations.

19. Upon information and belief, Defendant JCC through its agents and employees took other collection action against the Plaintiff, including telephone calls and other written communications.

20. Defendant JCC took its actions in furtherance of its efforts to collect the GE Debt from Plaintiff.

21. On or about April 22, 2015, Defendant Client Services contacted Plaintiff via US Mail with a collection letter demanding payment of $13,763.99 for Discover Card account number XXXXXXXXXXXX2083 (hereinafter the "Discover Debt"). A copy of this letter is attached hereto as "EXHIBIT B."

22. The alleged Discover Debt which is the subject matter of Defendant Client Services' collection letter demanding payment was primarily for personal, family or household purposes, and was therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

23. The alleged Discover Debt which is the subject matter of Defendant Client Services' collection letter demanding payment is barred by the applicable statute of limitations.

24. Upon information and belief, Defendant Client Services through its agents and employees took other collection action against the Plaintiff, including telephone calls and other written communications.

25. Defendant Client Services took its actions in furtherance of its efforts to collect the Discover Debt from Plaintiff.

26. On or about March 30, 2015, Defendant FRS contacted Plaintiff via US Mail with a collection letter demanding payment of $1,110.05 for World Financial Network account number XXXXXXXXXXXX4391 (hereinafter the "World Financial Debt"). A copy of this letter is attached hereto as "EXHIBIT C."

27. The alleged World Financial Debt which is the subject matter of Defendant FRS' collection letter demanding payment was primarily for personal, family or household purposes, and was therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

28. The alleged World Financial Debt which is the subject matter of Defendant FRS' collection letter demanding payment is barred by the applicable statute of limitations.

29. Upon information and belief, Defendant FRS through its agents and employees took other collection action against the Plaintiff, including telephone calls and other written communications.

30. Defendant FRS took its actions in furtherance of its efforts to collect the World Financial Debt from Plaintiff.

31. On or about August 27, 2015, Defendant FNCB contacted Plaintiff via US Mail with a collection letter demanding payment of $1,110.05 for World Financial Network account number XXXXXXXXXXXX4391 (hereinafter the "World Financial Debt"). A copy of this letter is attached hereto as "EXHIBIT D."

32. The alleged World Financial Debt which is the subject matter of Defendant FNCB's collection letter demanding payment was primarily for personal, family or household purposes, and was therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

33. The alleged World Financial Debt which is the subject matter of Defendant FNCB's collection letter demanding payment is barred by the applicable statute of limitations.

34. Upon information and belief, Defendant FNCB through its agents and employees took other collection action against the Plaintiff, including telephone calls and other written communications.

35. Defendant FNCB took its actions in furtherance of its efforts to collect the World Financial Debt from Plaintiff.

36. On or about April 17, 2015, Defendant CMS contacted Plaintiff via US Mail with a collection letter demanding payment of $535.20 for General Electric Capital Corporation account number XXXXXXXXXXXX1614 (hereinafter the "GEC Debt"). A copy of this letter is attached hereto as "EXHIBIT E."

37. The alleged GEC Debt which is the subject matter of Defendant CMS' collection letter demanding payment was primarily for personal, family or

household purposes, and was therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

38. The alleged GEC Debt which is the subject matter of Defendant CMS' collection letter demanding payment is barred by the applicable statute of limitations.

39. Upon information and belief, Defendant CMS through its agents and employees took other collection action against the Plaintiff, including telephone calls and other written communications.

40. Defendant CMS took its actions in furtherance of its efforts to collect the GEC Debt from Plaintiff.

## Trial By Jury

41. Plaintiff is entitled to and hereby requests a trial by jury.

## Count One

## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

### (J.C. Christensen & Associates, Inc.)

42. Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

43. Defendant JCC's actions in connection with its attempts to collect the alleged debt violated the FDCPA, including without limitation 15 U.S.C. §§ 1692e(2), 1692e(5), and 1692e(8).

44. As a result of Defendant JCC's violations of the FDCPA, Plaintiff has suffered actual damages not limited to mail expense, mileage expense, lost time from work incurred after her attempts to halt Defendant JCC's illegal collection efforts failed, frustration and aggravation, emotional distress and humiliation. Plaintiff is therefore entitled to recover actual damages under 15 U.S.C. § 1692k.

45. Under 15 U.S.C. § 1692k, Plaintiff is also entitled to recover from Defendant JCC $1,000 in statutory damages and reasonable attorney's fees and costs.

## Count Two

**VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT**

**(Client Services, Inc.)**

46. Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

47. Defendant Client Services' actions in connection with its attempts to collect the alleged debt violated the FDCPA, including without limitation 15 U.S.C. §§ 1692e(2), 1692e(5), and 1692e(8).

48. As a result of Defendant Client Services' violations of the FDCPA, Plaintiff has suffered actual damages not limited to mail expense, mileage expense, lost time from work incurred after her attempts to halt Defendant Client Services' illegal collection efforts failed, frustration and aggravation, emotional distress and humiliation. Plaintiff is therefore entitled to recover actual damages under 15 U.S.C. § 1692k.

49. Under 15 U.S.C. § 1692k, Plaintiff is also entitled to recover from Defendant Client Services $1,000 in statutory damages and reasonable attorney's fees and costs.

## Count Three

**VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT**

**(Financial Recovery Services, Inc.)**

50. Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

51. Defendant FRS' actions in connection with its attempts to collect the alleged debt violated the FDCPA, including without limitation 15 U.S.C. §§ 1692e(2), 1692e(5), and 1692e(8).

52. As a result of Defendant FRS' violations of the FDCPA, Plaintiff has suffered actual damages not limited to mail expense, mileage expense, lost time from work incurred after her attempts to halt Defendant FRS's illegal collection efforts failed, frustration and aggravation, emotional distress and humiliation. Plaintiff is therefore entitled to recover actual damages under 15 U.S.C. § 1692k.

53. Under 15 U.S.C. § 1692k, Plaintiff is also entitled to recover from Defendant FRS $1,000 in statutory damages and reasonable attorney's fees and costs.

## Count Four

## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

### (First National Collection Bureau, Inc.)

54. Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

55. Defendant FNCB's actions in connection with its attempts to collect the alleged debt violated the FDCPA, including without limitation 15 U.S.C. §§ 1692e(2), 1692e(5), and 1692e(8).

56. As a result of Defendant FNCB's violations of the FDCPA, Plaintiff has suffered actual damages not limited to mail expense, mileage expense, lost time from work incurred after her attempts to halt Defendant FNCB's illegal collection efforts failed, frustration and aggravation, emotional distress and humiliation. Plaintiff is therefore entitled to recover actual damages under 15 U.S.C. § 1692k.

57. Under 15 U.S.C. § 1692k, Plaintiff is also entitled to recover from Defendant FNCB $1,000 in statutory damages and reasonable attorney's fees and costs.

## Count Five

**VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT**

**(Capital Management Services, L.P.)**

58. Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

59. Defendant CMS' actions in connection with its attempts to collect the alleged debt violated the FDCPA, including without limitation 15 U.S.C. §§ 1692e(2), 1692e(5), and 1692e(8).

60. As a result of Defendant CMS' violations of the FDCPA, Plaintiff has suffered actual damages not limited to mail expense, mileage expense, lost time from work incurred after her attempts to halt Defendant CMS's illegal collection efforts failed, frustration and aggravation, emotional distress and humiliation. Plaintiff is therefore entitled to recover actual damages under 15 U.S.C. § 1692k.

61. Under 15 U.S.C. § 1692k, Plaintiff is also entitled to recover from Defendant CMS $1,000 in statutory damages and reasonable attorney's fees and costs.

WHEREFORE, Plaintiff prays that judgment be entered against these Defendants for:

   a.) Plaintiff's actual damages;

   b.) Statutory damages pursuant to 15 U.S.C. § 1692k;

   c.) Reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k; and

    d.) Such other and further relief as may be just and proper.

Respectfully submitted this 29th day of January, 2016.

                                  */s/ Matthew T. Berry*
                                  Matthew T. Berry, Bar No.: 055663

                                  */s/ Paul J. Sieg*
                                  Paul J. Sieg, Bar No.: 334182

                                  Plaintiff's Attorneys
                                  Berry & Associates
                                  2751 Buford Highway, Suite 600
                                  Atlanta, GA 30324
                                  Ph. (404) 235-3334
                                  Fax (404) 235-3333
                                  matt@mattberry.com
                                  psieg@mattberry.com